UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Michael Kushner,

          Plaintiff,

v.

Commercial Acceptance Company; and DOES 1-10, inclusive,

          Defendants.

Civil Action No.: _____

# COMPLAINT

Plaintiff, Michael Kushner, says by way of Complaint against Defendant, Commercial Acceptance Company, as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, Michael Kushner ("Plaintiff"), is an adult individual residing in Williamstown, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Acceptance Company ("Commercial"), is a Pennsylvania business entity with an address of 5372 Wilshire Road, Harrisburg, Pennsylvania 17112-0, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Commercial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Commercial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,300.00 (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Commercial Engages in Harassment and Abusive Tactics

12. Within the last year, Commercial contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial conversation, Plaintiff informed Commercial that he could not afford to pay the Debt at the time and stated that he intended to do so once the opportunity presented itself.

14.     Thereafter, Commercial called Plaintiff's mother and Plaintiff's father and disclosed the existence of the Debt to both parents, causing a great deal of embarrassment to Plaintiff.

15.     Commercial contacted third parties for purposes other than Plaintiff's location information since Commercial previously knew Plaintiff's whereabouts and had communications with Plaintiff.

### C. Plaintiff Suffered Actual Damages

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 26, 2012

                                            Respectfully submitted,

                                            By: */s/ Sofia Balile*

                                            Sofia Balile, Esq.
                                            Lemberg & Associates LLC
                                            1100 Summer Street
                                            Stamford, CT 06905
                                            Phone: (917) 981-0849
                                            Fax:    (888) 953-6237